FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 SEP 19 PM 2:51

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

CHRISTINA BELCHER,

CASE NO.:

Plaintiff,

3:16 cv 1188-J-32-WCR

vs.

MEDICREDIT, INC.,

DEMAND FOR JURY TRIAL

Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, CHRISTINA BELCHER (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, MEDICREDIT, INC., (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.  Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.  Plaintiff is an individual residing in Putnam County, Florida.

5.  Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6.  Defendant is a corporation which was formed in Missouri with its principal place of business at 3620 Interstate 70 SE, Columbia, MO 65201-6582 and conducting business in the State of Florida. Defendant's Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

7.  Defendant is a "Debt Collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and by the FDCPA, 15 U.S.C. § 1692a(6), and does business throughout the state of Florida, including Putnam County.

8.  Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.  The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Putnam County, Florida, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt that Plaintiff does not owe.

11. Plaintiff is not indebted to Defendant and does not owe a balance of any kind to Defendant.

12. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6) and FDCPA, 15 U.S.C. §1692a(5).

13. In June, 2016 Plaintiff received a call from Defendant to her cellular telephone to collect a debt. Plaintiff advised Defendant that the debt was not Plaintiff's and to stop calling her cell phone.

14. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication in June, 2016, when Plaintiff verbally advised Defendant to stop calling her cellular telephone.

15. Additionally, Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication through a facsimile transmission to Defendant's facsimile number (855) 434-5959 on July 15, 2016 at 1:16 P.M. See confirmation of facsimile transmission attached as Exhibit "A."

16. In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the name of the law firm representing Plaintiff and the contact information for the law firm.

17. Plaintiff is the regular user and carrier of the cellular telephone number ending in -7375 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

18. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff

withdrew any prior consent or permission to be contacted in June, 2016, and again on July 15, 2016.

19. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

20. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiffs to cease any and all calls.

21. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "B."

22. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

23. Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

24. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

25. Some of the voicemail messages received by Plaintiff on her cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

26. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

28. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

29. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

30. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

31. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

32. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

33. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

34. Additionally, Defendant continued to make telephone calls to Plaintiff's cellular telephone after being notified in writing not to contact Plaintiffs and to direct any and all future contact to Plaintiff's attorney.

**WHEREFORE**, Plaintiff, CHRISTINA BELCHER, demands judgment against Defendant, MEDICREDIT, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

  b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

  c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

  d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

  e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

35. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

36. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

37. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

38. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, CHRISTINA BELCHER, demands judgment against Defendant, MEDICREDIT, for the following relief:

  a. any actual damages sustained by Plaintiff as a result of the above allegations;

  b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

### COUNT III
### VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

39. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

40. Defendant violated the FDCPA, 15 U.S.C. § 1692c(a)(2), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

41. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, CHRISTINA BELCHER, demands judgment against Defendant, MEDICREDIT, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

c. in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

d. any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

42. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

43. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

44. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

45. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

46. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, CHRISTINA BELCHER, demands judgment against Defendant, MEDICREDIT, for the following relief:

    a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after June, 2016;

    b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

*Christina Belcher*
CHRISTINA BELCHER

STATE OF FLORIDA
COUNTY OF Putnam

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 16th day of September, 2016, by CHRISTINA BELCHER, who is personally known to me or who produced FL Driver License as identification and who did take an oath.

MELISSA D. WYATT
Notary Public - State of Florida
My Comm. Expires Jul 2, 2017
Commission # EE 882576
Bonded Through National Notary Assn.

*Melissa D. Wyatt*
Signature of Notary Public
Print, Type, Stamp Name of Notary

Date: September 16, 2016

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff(s)**

9